IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARIA GARCIA LOPEZ, Individually and
as Special Administratix of the Estate of Jose
Vazquez Garcia, Deceased                                                           PLAINTIFF

v.                                          Case No. 1:25-cv-01080

NORTHEAST ARKANSAS LABORFORCE,
 LLC; JAVIER PEREZ MORALES; and
WALTER GONZALEZ RAMOS                                                      DEFENDANTS

## ORDER

Before the Court is a Motion for Service by Warning Order (ECF No. 23) filed by Plaintiff

Maria Garcia Lopez ("Plaintiff").  Defendant Northeast Arkansas Laborforce, LLC ("Defendant

NAL") responded.  (ECF No. 25).  Plaintiff replied.  (ECF No. 26).  The Court finds the matter

ripe for consideration.

## I.   BACKGROUND

This is a wrongful death lawsuit arising from an incident that occurred at a construction

job site in Calhoun County, Arkansas.[1]  On May 6, 2025, Jose Vazquez Garcia, Plaintiff's son, was

working at the construction site on behalf of his employer, Bowman's Works, Inc.  Defendants

Javier Perez Morales and Walter Gonzalez Ramos (together, "Employee Defendants") were

working for Defendant NAL on the same construction site.  Defendant Morales was operating a

forklift to move steel beams onto a flatbed trailer while Defendant Ramos was acting as Defendant

Morales' spotter, despite the fact that neither were competent or qualified for those roles.  Facing

inclement weather conditions, all Defendants decided to speed up work instead of stopping, using

inadequately trained personnel and abandoning safety procedures to complete the work faster.  As

---

[1] The following facts come from Plaintiff's complaint.  (ECF No. 1).

a result, the steel beams dislodged, the metal band around the steel beams broke, and multiple steel beams, weighing approximately 600 pounds each, fell onto Mr. Garcia, killing him.

On October 14, 2025, Plaintiff, Mr. Garcia's mother and the administratrix of his estate, filed her complaint. (ECF No. 1). Plaintiff alleges that the negligent actions by Defendants caused the death of Mr. Garcia. On October 24, 2025, Plaintiff served Defendant NAL. (ECF No. 8). On November 13, 2025, all Defendants, including Employee Defendants, filed an answer. (ECF No. 9). In the answer, Defendants objected to the sufficiency of service as to Employee Defendants pursuant to Federal Rule of Civil Procedure 12. *Id.* at 7.

On January 12, 2026, Plaintiff motioned for an extension of time for service. (ECF No. 21). The Court granted Plaintiff's motion and extended the service deadline to March 13, 2026. (ECF No. 22). On March 13, 2026, Plaintiff filed the instant Motion for Service by Warning Order. (ECF No. 23). Plaintiff explains that she remains unable to effect service upon Employee Defendants because Employee Defendants falsified the identifying information in their employment files, such as their social security numbers, addresses, and driver's licenses. Plaintiff claims that she has been unable to locate Employee Defendants, despite diligent efforts, because she does not have accurate information identifying Employee Defendants. Plaintiff moves for service through a warning order posted in the local print newspaper, the El Dorado News-Times, pursuant to Arkansas Rule of Civil Procedure ("Rule") 4(g)(4). Defendant NAL opposes Plaintiff's motion. (ECF No. 25).

## II.  DISCUSSION

Plaintiff argues that service through a warning order in the El Dorado News-Times is appropriate because she has diligently worked to identify Employee Defendants' whereabouts and serve them to no avail. Defendant NAL opposes service by publication for two reasons. First,

2

Defendant NAL argues that Plaintiff has not demonstrated diligent efforts to locate Employee Defendants as required by Rule 4(g)(4). Second, Defendant NAL argues that publishing warning orders in the El Dorado News-Times does not satisfy due process because it will not provide actual notice to Employee Defendants.

### A. Diligent Inquiry

Federal Rule of Civil Procedure 4(e) provides that service may be effected pursuant to the law of the state in which the district court is located. Thus, the Court looks to the Arkansas Rules of Civil Procedure, which provide, in relevant part, that service may be made by publication of a warning order if it appears by affidavit that, "after a diligent inquiry, the whereabouts of [a] defendant remains unknown." Ark. R. Civ. P. 4(g)(3). The warning order must be "published in a newspaper of general circulation" and sent to the defendant's last known address by certified mail. Ark. R. Civ. P. 4(g)(3)(A)-(B).

"[T]he bar, under Arkansas law, for service via Warning Order, is a high one." *Bryant v. Jeff French Constr.*, No. 6:22-cv-6088, 2022 WL 22985697, at *1 (W.D. Ark. Dec. 5, 2022) (citations omitted). "[T]he party seeking to serve legal process using the warning-order method must provide enough detail—in the required diligent-inquiry affidavit—about the steps that were taken to locate the defendant, and the details, whatever they may be from case to case, must themselves demonstrate that a party has diligently tried to locate the defendant but cannot do so." *Lewis v. Johnson*, 2020 Ark. App. 34, at 5-6, 594 S.W.3d 104, 107. Affidavits that provide only conclusory statements that a diligent inquiry have been made are insufficient. *See Self v. Hustead*, 2017 Ark. App. 339, at 5, 525 S.W.3d 33, 36. The moving party bears the burden to demonstrate that they have actually attempted to locate the defendants. *Id.*

The parties dispute whether Plaintiff's efforts to serve Employee Defendants meet the diligent effort standard required by Rule 4(g)(4). Plaintiff attaches several affidavits and declarations detailing the attempts by Plaintiff's counsel, process servers, and investigators to locate and serve Employee Defendants. (ECF Nos. 23-1, 23-2, 23-3, 23-4, 23-7, 23-8). Plaintiff first retained process servers to personally serve Employee Defendants. The process server advised Plaintiff that the address obtained for Defendant Morales does not exist and that the address obtained for Defendant Ramos is likely incorrect. The process server identified a potential alternative address for Defendant Ramos and attempted to personally serve him at that residence, which was blocked by a locked gated driveway, on four separate days. The process server attempted to speak with neighbors, honked her horn, and left delivery notes but received no response. Plaintiff also attempted service upon Employee Defendants through certified mail pursuant to Federal Rule of Civil Procedure 4(e)(1), however those attempts were also unsuccessful.

Plaintiff then hired a private investigator to locate Employee Defendants. However, without additional identifying information, such as dates of birth and social security numbers, the investigator was unable to find them. After Defendant NAL was served, Plaintiff sought discovery, including Employee Defendants' last known addresses, social security numbers, driver's license numbers, and dates of birth, to provide to the private investigator. Defendant NAL provided Plaintiff with employment and tax documents from Employee Defendants, as well as photocopies of their social security cards and state identification cards.

Plaintiff retained a professional serving company located in Texas and another in Tennessee (Defendant Ramos held a Texas state ID card and Defendant Morales held a Tennessee state ID card) to conduct skip trace investigations to locate and verify the information of Employee

4

Defendants.  The skip trace investigations confirmed that the addresses and state ID numbers provided by Employee Defendants did not exist and that the social security cards were associated with unrelated people in different states.  The investigators concluded that they are unable to locate a valid address or confirm identifying information for Employee Defendants because the information provided by Employee Defendants was incorrect and/or false.  Plaintiff consulted with a third investigator to determine whether anything else could be done to locate Employee Defendants.  However, the third investigator was unable to do anything further to find Employee Defendants without accurate identifying information.

Plaintiff's counsel also conducted research to locate Employee Defendants by personally calling and confirming that the phone numbers provided for Employee Defendants were inoperable and by searching public records databases on Westlaw.  Plaintiff's counsel was unable to find any records containing information that match the information provided for Employee Defendants.

Defendant NAL argues that Plaintiff has not demonstrated a sufficient diligent inquiry into the whereabouts of Employee Defendants to satisfy Rule 4(g).  Defendant NAL argues that the affidavit of the process server retained to serve Defendant Ramos is insufficient because the process server only visited the address provided three times and did not speak to any neighbors or residents.  Defendant NAL argues that the affidavit of the process server retained to serve Defendant Morales was insufficient because Plaintiff only tried to obtain service upon Defendant Morales by mail to one address.  Defendant NAL argues that Plaintiff's process servers should have made further attempts to personally serve Employee Defendants and that Plaintiff's investigators should have searched vehicle databases, attempted to identify relatives or people with whom Employee Defendants had relationships, or monitored databases to find updated addresses. Defendant NAL also suggests that Plaintiff should attempt to locate the current employment of

Employee Defendants, make telephone contact, or contact the current occupants of the addresses where Employee Defendants have lived in the past.

Plaintiff explains in response that her server made multiple service attempts at different times of day and days of the week to the only address provided by Defendant NAL that actually existed.  Plaintiff argues that it would be fruitless to make multiple service attempts to the addresses that do not exist.  Plaintiff also explains that she did not have the accurate information to make the further investigative attempts described by Defendant NAL because Plaintiff only possesses the inaccurate and falsified information provided by the employment records of Employee Defendants, which she obtained from Defendant NAL through discovery.

The Court finds that Plaintiff has diligently inquired into the whereabouts of Employee Defendants and that the affidavits of Plaintiff's servers and investigators sufficiently detail those diligent efforts.  *See Morgan v. Big Creek Farms of Hickory Flat, Inc.*, 2016 Ark. App. 121, at 5-6, 488 S.W.3d 535, 539 (holding that a plaintiff satisfied the diligent inquiry requirement when he attempted personal service four times, hired a private investigator to research alternative addresses, and attempted personal service and service through certified mail at the newfound addresses).  The Court agrees with Plaintiff that there is not much else she can do to locate Employee Defendants without accurate identifying information.  Defendant NAL suggests that Plaintiff should continue attempting to contact Employee Defendants through phone numbers, email addresses, and messaging applications gathered from their employment records and attempt service via international mail.  (ECF No. 25, at 12).  However, Plaintiff explains that the employment records do not contain these options or operational phone numbers.  Accordingly, the Court finds that Plaintiff has demonstrated diligent inquiry and that service by warning order pursuant to Rules 4(g)(3) and (4) is appropriate.

### B. Due Process

Next, Defendant NAL argues that service by publication is not "reasonably calculated" to apprise Employee Defendants of this action because Employee Defendants are unlikely to read a legal notice posted in the El Dorado News-Times as non-English speaking undocumented workers from Mexico who are "likely transient and no longer residing in Arkansas." (ECF No. 25, at 9). Defendant NAL argues that publication in a local English-language newspaper is a formalistic device that does not satisfy due process because it will not provide "notice in fact." *Id.* at 10. Plaintiff argues that service by publication comports with due process in this case because the question is not whether the particular service method may hypothetically produce actual notice, but rather whether the statutory procedure is constitutionally adequate. (ECF No. 26, at 7).

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In *Mullane v. Central Hanover Bank & Trust Company*, the United States Supreme Court held that notice by publication was constitutionally sufficient for beneficiaries whose "whereabouts could not with due diligence be ascertained . . . ." *Id.* at 317. Though the Supreme Court recognized that the odds are slim that parties whose whereabouts are unknown and who may live "outside the area of the newspaper's normal circulation" will see the published notice, it reasoned that this type of statutory notice was sufficient because "it is not in the typical case much more likely to fail than any of the choices open to legislators endeavoring to prescribe the best notice practicable." *Id.* at 315-17.

In the instant case, Plaintiff has diligently worked to locate Employee Defendants, who

7

provided false information in their employment paperwork. Under these circumstances and without accurate identifying information, Employee Defendants' whereabouts remain unknown, and Plaintiff is unable to ensure that Employee Defendants have actual notice of this suit through personal service or service through certified mail. Consequently, Plaintiff must resort to notice by publication, which the United States Supreme Court and the Arkansas Supreme Court have both approved as a "customary substitute" in cases where "it is not reasonably possible or practicable to give more adequate warning." *Mullane*, 339 U.S. at 317; *Tsann Keun Enters. Co. v. Campbell*, 355 Ark. 110, at 126, 129 S.W.3d 822, 832 (2003) (holding that notice by publication in the local newspapers and by certified mail was constitutional and reasonably calculated to give a nonresident notice); *see also Horne v. Savers Fed. Sav. & Loan Ass'n*, 295 Ark. 182, at 187-88, 747 S.W.2d 580, 582-83 (finding that constructive service by publication and mail pursuant to Arkansas Rule of Civil Procedure 4 of a defendant who was unlocatable despite diligent efforts is reasonably calculated to give the defendant actual notice of the proceedings).

Defendant NAL argues that Employee Defendants will not see the warning order in the El Dorado News-Times because they are "likely transient and no longer residing in Arkansas" and are non-English speakers.[2] (ECF No. 25, at 9). However, Defendant NAL provides no evidence that Employee Defendants have actually left Arkansas or that they cannot speak English. Regardless, neither the United States Supreme Court nor the Arkansas Supreme Court require that the warning order be published in a newspaper that a defendant surely reads. Rather, the United States Supreme Court recognized that there may be "great . . . odds that [the] publication will never

---

[2] Defendant NAL also argues that allowing Plaintiff to serve Employee Defendants by publication will prejudice Defendant NAL because Employee Defendants will not receive actual notice and Plaintiff will seek default judgments against them when the defenses of all Defendants are intertwined. (ECF No. 25, at 11). However, as Plaintiff points out, an answer by all Defendants has already been filed on the docket and Plaintiff is therefore precluded from seeking default judgment against Employee Defendants. (ECF No. 9) (Answer). Plaintiff states that she seeks to serve Employee Defendants by warning order because Defendants objected to the sufficiency of service as to Employee Defendants in their answer. *Id.* at 7.

reach the eyes of [the unlocatable] parties" and the Arkansas Supreme Court held that a warning order published in a local newspaper provides constitutionally valid notice for nonresident defendants. *Mullane*, 339 U.S. at 317; *see Tsann Keun Enters. Co.*, 335 Ark. at 187-88, 747 S.W.2d at 582-82 (citation omitted) ("For due process purposes, the focus must be on the constitutional adequacy of the statutory procedure and not whether some additional effort in a particular case would have in fact led to a more certain means of notice.").

Accordingly, the Court finds that notice by publication of a warning order in accordance with Rules 4(g)(3) and (4) fulfills constitutional due process requirements and provides sufficient notice to Employee Defendants. Though this means of notice is "probably futile," it is "all the situation permits" and therefore "creates no constitutional bar to a final decree foreclosing [Employee Defendants'] rights." *Mullane*, 339 U.S. at 317.

Finally, the Court must determine whether Plaintiff's proposed warning orders comply with Rules 4(g)(3) and (4). It is "well settled that statutory service requirements must be strictly construed and compliance with them must be exact because they are in derogation of common-law rights." *Morgan*, 2016 Ark. App. at 3, 488 S.W.3d at 538 (citing *Shotzman v. Berumen*, 363 Ark. 215, 213 S.W.3d 13 (2005)). Rule 4(g)(4) states that a court may order service by warning order meeting the minimum requirements of Rule 4(g)(3)(A)-(B) (service by publication) after a showing by affidavit that, despite diligent effort, service cannot be made by typical methods. The Court has reviewed the proposed warning orders attached by Plaintiff and finds that they meet the substantive requirements outlined in Rule 4(g)(A).[3]    Accordingly, Plaintiff must publish the

---

[3] Rule 4(g)(3)(A) provides that the warning order shall:

[S]tate the caption of the pleadings; briefly describe the nature of the action and the relief sought; include, if applicable, a description of the property or other res to be affected by the judgment; and warn the defendant or interested person to appear within 30 days from the date of first publication of the warning order or face entry of judgment by default or otherwise be barred from asserting his or her interest.

proposed warning orders in the El Dorado News-Times for two consecutive weeks and send the warning order, with a copy of the complaint, to Employee Defendants at their last known address by certified mail pursuant to Rule 4(g)(3)(B)(i).

### C. Extension of Time to Serve

Finally, Plaintiff moves the Court to extend her deadline to serve Employee Defendants pursuant to Rule 4(g)(3), which requires the warning order to be published for two consecutive weeks and provides Employee Defendants thirty days to respond.  The Court finds the extension is necessary and extends Plaintiff's time to serve Employee Defendants to **June 15, 2026**.

### III.   CONCLUSION

Accordingly, the Court finds that Plaintiff's Motion for Service by Warning Order (ECF No. 23) is **GRANTED**.  The Court **ORDERS** the Clerk of Court to sign and issue the attached Warning Orders to Walter Gonzalez Ramos and Javier Perez Morales.  The Court **EXTENDS** the deadline to serve Defendants Walter Gonzalez Ramos and Javier Perez Morales to **June 15, 2026**.

**IT IS SO ORDERED**, this 30th day of April, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge

---

Ark. R. Civ. P. 4(g)(3)(A).

10